United States District Court
District of Massachusetts

Jeffrey E Simpson )
) 04-40216 RWZ
) Docket No.
vs )
) Memorandum of Law
Warden Winn et als. )

ARGUMENT
POINT 1

A. The Plaintiff is threatened with Irreparable Harm.

The Plaintiff alleges he has serious medical need that he has been denied treatment, such conduct by prison officials is a clear violation of the Eighth Amendment ESTELLE vs GAMBLE 429 U.S. 97, S.ct. 285 (1976)

As a matter of law the continuing deprivation of constitutional rights constitutes irreparable harm EIROD vs BURNS 427 U.S. 347, 373 96 S.ct. 2673 (1976) This principle has been applied to prison litigation generally.

(1 of 4)

Langley vs Coughlin 888 F.2d 252, 254 (2d cir 1989) (officials must provide "necessary" care.... which would be available to [the prisoner] if not incarcerated") Courts have defined "adequate" as medical "services" at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards.... see United States vs Decologero, F.2d 39, 43 (1st Cir 1987).

B. the Balance of Hardships Favor the Plaintiff

In deciding to grant temporary restraining orders or preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non moving party if the motion is granted ... See Mitchell vs. Cuomo, 748 F.2d 804, 808 (2d cir 1984) (Holding Dangers Posed by Prison Crowding outweighed states financial and administrative concerns).

In this case the present suffering due to ineffective medical care and treatment outweighs the suffering of the defendants will experience wich merely amounts to business as usual.

(2 of 4)

C. The Plaintiff is likley to Suceed on the Merits

The Plaintiff has a great liklihood of Sucess on the merits. What the defendants have done intentionally depriving the Plaintiff of his medications without obtaining medical history or doing diagnostic tests was singled out by the Supreme Court as an example of "deliberate indifference" to Prisoners needs Estelle vs. Gamble 429 U.S. 97, 105, 97 S.ct 285 (1976) see e.g. ___ Aswan vs Bruhl 965 F2d. 676 677-78 (8th 1992) (Repeated Failures to provide medications timely) ___ Dace vs Solem 858 F2d 385, 387-88 (8th Cir 1988)(Failure by Prison doctor to carry out sceduled surgery before incarceration).

D. relief will serve the Public Interest

Llewelyn vs Oakland County Prosecutors office 402 F Supp. 1379, 1393 (E.D. Mich 1975) (the Constitution is always of the Highest Interest).

(3 of 4)

POINT II

A. the Plaintiff Should not Be required to Post Security

The Court has the discretion to excuse an Impoverished Litigant from Posting Security Orfanlez-Hernandez vs. Smith 541 F.Supp. 351, 385 n.30 (C.D.CA.1982).

"Conclusion"

For the forgoing reasons this Court Should Grant the Plaintiffs preliminary Injunction And temporary restraining order

October 18, 2004

Jeffrey E. Simpson
FMC Devens
P.O. Box 880
Ayer MA 01432

(4 of 4)