United States District Court
District of Massachusetts

| | |
|---|---|
| Jeffrey E. Simpson<br>    Plaintiff | ) Case No. 04-40216-FWZ<br>)<br>) |
| vs. | )<br>) |
| United States of America,<br>Howard Haas MD,<br>S. Thompson MD,<br>David L. Winn<br>    Defendants | ) Verified Complaint And<br>) Request for Jury Trial<br>)<br>) This Court is Vested with<br>) Jurisdiction Pursuant to<br>) 28 U.S.C. Sec. 1331. |

## Case History

The Plaintiff, Jeffrey E. Simpson a federal prisoner was confined at the Maine State Prison, where after approximately 11 months of trial and error and carefull assesment, sound mental health care professionals prescribed 5mg. of Clonazepam Daily to control the Plaintiff's sever panic disorder.

The Plaintiff was transferred to Federal Medical Center Devens where mental health staff immediately informed the Plaintiff they would discontinue the Plaintiff's Clonazepam medication.

The decision to discontinue the Plaintiff's Clonazepam medication was not born out of a carefull assesment of medical records or testing, but ----------

(Complaint 1)

was made in haste, without first obtaining prior medical records or having any concrete factual knowledge of the Plaintiff's Mental Health history.

Furthermore Devens Medical Staff removed the Plaintiff from Inpatient Care while Devens Nursing Staff and the Plaintiff continued to report Panic Attacks e.g., Chest Pain, Extreme Difficulty Breathing, Choking Sensation, High Blood Pressure, Rapid Heart rate, Fear of Death, Uncontrolable Bowels and tremors, Broken Blood Vessels and Sweating.

Devens Mental Health Staff and Administrators refuse to acknowledge that it is well documented that Alternative Medications are ineffective and the Plaintiff continues to experience several Panic Attacks weekly.

The above stated allegations are well documented and reveal a Pattern of Deliberate Indifference to a Serious Mental Health Condition an as such violates the Eighth Amendment of the United States Constitution.

## The Parties

1. The Federal Bureau of Prisons is an agency and operation of the Defendant, United States of America.

2. Howard S. Haas is a Psychiatrist principally operating out of Bureau of Prisons Federal Medical Center, Devens In Ayer, Massachusetts.

3. S. Thompson is a Psychiatrist principally operating out of Bureau of Prisons Federal Medical Center in Ayer Massachusetts.

4. David L. Winn is the Warden at Federal Medical Center Devens which is a facility within the Bureau of Prisons.

5. Jeffrey E. Simpson is the Plaintiff and is a Federal Prisoner confined within the Bureau of Prisons at Federal Medical Center Devens in Ayer Massachusetts.

## General Allegations

6. The Plaintiff arrived at Federal Medical Center Devens on September 23, 2004 along with his Prescription Medication 5 mg. of Clonazepam Daily.

7. On September 23, 2004 Howard J Haas immediately made a decision to discontinue the Plaintiff's Clonazepam Medication.

8. Dr Howard Haas's decision to discontinue the Plaintiff's Clonazepam was not based on assessment of Mental Health records nor was it based upon any prior Mental Health Professionals knowledge.

(Complaint 3)

9. The defendants, Howard Haas, S. Thompson, David L. Winn and all other Bureau of Prison Employees acting in participation or concern with them have no prior credible and factual professional knowledge of medical records concerning the Plaintiff's mental health prior to September 23, 2004.

10. Howard Haas ordered the discontinuation of the Plaintiff's Clonazepam on September 23, 2004 by slowly tapering the dosage until the last dosage on October 22, 2004.

11. Since approximately October 8, 2004 the Plaintiff has experienced several Panic Attacks a week e.g. Choking Sensation, Chest Pain, Extreme difficulty Breathing, High blood Pressure, rapid heart rate, Fear of Death, Uncontrollable bowels and tremors, Broken blood vessels, and Sweating.

12. Devens Nursing Staff have recorded several instances where the Plaintiff was experiencing Panic Attacks as described in Paragraph 11 above and which dates include November 12, 13, 15, 20, 21 and December 18, 2004.

13. Nursing Staff Progress Notes indicate several instances where the Plaintiff stated he was experiencing Panic Attacks or Anxiety dates include: October 8, 10, 14, 18, 19, 20, 21, 25, 26, 29, of 2004.

(Continued)

14. The Plaintiff submitted several letters to Howard HAAS, S. THOMPSON And David L. WINN, expressing that the Plaintiff continued to experience several Panic Attacks weekly and that Alternative Medications were Ineffective. Such dates Include: November 20, 21, 23, 26, 30; December 2, 6, 12, 13, 17; January 2, 9. of late November and December of 2004 and early 2005.

15. On November 22, 2004 the Plaintiff was discharged from Inpatient Care while Devens Nursing Staff And the Plaintiff continued to report Panic Attacks.

16. On December 11, 2004, S. THOMPSON responded to complaint of Ineffective Medication letter by Plaintiff dated 12-6-04 stating "records show that you found Propranolol Medication effective".

17. Records Document Several Instances and dates while the Plaintiff was using (Propranolol) that he had continued to experience Panic Attacks which Include: November 12, 13, 20, 21, And December 18, 2004.

18. The Plaintiff's Panic Attacks last Approximately 5-10 minutes. After being discharged from Inpatient Care Nursing Staff Cannot respond fast enough to observe the Plaintiffs Panic Attacks nor record such episodes.

(Continued)

19. S. Thompson was informed via Plaintiff's 11-25-04 Letter stating that Devens Nursing Staff Could Not record Vital Signs or observe Panic Episodes After the Plaintiff's Discharge from Inpatient Care on 11-22-04.

20. The 5mg. of Clonazepam Completely Controlled the Plaintiff's Panic Attacks and Anxiety.

21. The Defendants Prescribed Alternative Medication to Control the Plaintiff's Panic Disorder Which Medical Records And Reports from the Plaintiff Reflect that the Alternative Medications Are Completely Ineffective.

## BIVENS ACTION

22. The Plaintiff repeats and incorporates by reference the Averments contained in Paragraphs 1 through 21 above And further says that:

23. The Acts or Omissions of the defendants Acting Within the Scope of their duties, deprived the Plaintiff "Necessary" Medical Care Which Would be Available to the Plaintiff if Not Incarcerated, And as such Violate United States Constitutional Amendment Eight.

(continued)

24. By reason of the defendants act and omissions within the scope of their duties, the Plaintiff suffered and continues to suffer physical pain, severe emotional distress and mental anguish and other diverse injuries.

WHEREFORE, Plaintiff Jeffrey E. Simpson prays this court:

A. Order injunction against the defendants to provide the Plaintiff 5mg. of Clonazepam daily.

B. Issue a declaratory judgement declaring that the defendants failure and denial of necessary medication violates U.S. Constitutional Amendment Eight.

C. Order judgement against the defendants to pay all costs of this action and any further relief this court finds reasonable and just.

I Jeffrey E. Simpson swear under penalty of perjury the above statements are true based on my knowledge and belief.

_____
January 30, 2005
Dated

Jeffrey E. Simpson #04294-036
F.M.C. Devens
P.O. Box 880
Ayer, MA. 01432