United States District Court
District of Massachusetts

Jeffrey E. Simpson )   Case No. 04-40216-RWZ
    Plaintiff )
  )
Vs. )
  )   Memorandum of Law in Support of
  )   Verified Complaint And Request
United States of America, )   For Preliminary Injunction
Howard Haas MD, )
S. Thompson MD, )
David L. Winn )
    Defendants )

FILED
IN CLERKS OFFICE
2005 FEB -8  P 12: 43
U.S. DISTRICT COURT
DISTRICT OF MASS

## Statement of Facts

As stated in the complaint the Plaintiff has been denied necessary medication to control his panic disorder.
The Defendants whom relief is sought respectively are responsible for providing the Plaintiff with necessary mental health care.

## Argument
### Point 1

The Plaintiff is entitled to a Temporary Restraining Order and Preliminary Injunction _____

(Memorandum 1)

In determining whether a party is entitled to a Temporary Restraining Order or Preliminary Injunction, the Courts generally consider several factors:

1. Whether the party will suffer irreparable injury.
2. The balance of hardships between the parties.
3. The likelihood of success on the merits.
4. The public interest.

Each of these factors favors the grant of this pleading.

A. The Plaintiff is threatened with Irreparable Harm.

The Plaintiff has been denied necessary medication for a serious and debilitating mental health disorder. Such conduct is a clear violation of United States Constitutional Amendment Eight. See Estelle v. Gamble, 429 U.S. 97 S.Ct. 285 (1976). As a matter of law the continuing deprivation of constitutional rights constitutes irreparable harm. Elrod v. Burns 427 U.S. 347, 373, 96 S.Ct. 2673 (1976). This principle has been applied to prison litigation generally. Newsom v. Norris, 888 F.2d 371, 378 (6th Cir 1989); Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir 1984); Albro v. County of Onondaga N.Y. 627 F.Supp. 1280, 1287 (N.D. N.Y. 1986); Williams v. Lane, 642 F.Supp. 1379, 1409 (N.D. Ill. 1986).

(Memorandum 2)

And specifically medical cases Phillips v. Michigan Dept. of Corr. 731 F.Supp. 792, 801 (W.D. Mich 1990) aff'd 932 F.2d 969 (6th Cir 1991). Also see Langley v. Coughlin, 888 F.2d 252, 254 (2d Cir 1989) ("Officials must provide 'necessary' medical care which would be available to the prisoner if not [incarcerated].

Courts have defined "adequate" as "medical care" at a level reasonably commensurate with modern medical science and of a quality within prudent professional standards. Fernandez v. U.S., 941 F.2d 1488, 1493 (11th Cir 1991); U.S. v. Decologero F.2d 39, 43 (1st Cir 1987); Tilley v. Owens, 719 F.Supp. 1256, 1305 (W.D. PA. 1989) aff'd 907 F.2d 418 (3d Cir 1990).

B. The Balance of Hardships Favor the Plaintiff

In deciding to grant TROs or preliminary injunctions courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the nonmoving party if the motion is granted Mitchell v. Cuomo, 748 F.2d 804, 808 (2d Cir 1984) (holding that dangers posed by prison crowding outweighed states financial and administrative concerns); Duran v. Anaya 642 F.Supp. 510, 527 (D.N.M. 1986) (holding that prisoners interest in safety and medical care outweigh state interest of saving money by cutting in staff).

In this case the present suffering the plaintiff has been

(Memorandum 3)

Forced to endure far outweighs any suffering that the Defendants may suffer which would only amount to Business as usual.

C. The Plaintiff is likely to succeed on the Merits

The Plaintiff has a Great likelihood of success on the Merits. What the defendants have done "Intentionally" denying Medical Care was specifically singled out in the Supreme Court as an example of deliberate Indifference to Prisoner's Medical Needs. Estelle V. Gamble, 429 U.S. 97, 105, 97 S.Ct. 285 (1976).

The defendants in this case have denied the Plaintiff of Medication Prescribed Prior to Incarceration at Federal Medical Center Devens without any Prior Knowledge of Medical records Combined with their Disregard for Devens Nursing Staff reports. Such Denials of treatment or Medication Prescribed By Sound Professionals Prior to the Plaintiff's Incarceration at Devens Have also been singled out See... Phillips Vs. Michigan Department of Correction, 731 F.Supp. at 880 stating "the lack of estrogen Medication Prior to trial will wreak havoc on the Plaintiff's Physical and Emotional State." Dace V. Solem, 858 F.2d 385, 387-88 (8th Cir. 1988) (Failure by Prison Doctor to carry out surgery scheduled Prior to Incarceration);

(Memorandum 4)

Asusan v. Bruhl, 465 F.2d 676, 677-78 (8th Cir. 1992) (repeated failure to provide medications timely); Hall v. Marshall, 962 F.2d 1004, 1013-14 (8th Cir 1992) (Failure to Provide Tuberculosis Medication).

D. Relief Sought Will Serve the Public Interest.

In this case the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran v. Apsaia, 642 F.Supp. 510, 527 (D.N.M. 1986) (Respect for the law particularly by officials responsible for Administration of the States Correctional Institutions of itself is a matter of the highest Public Interest); Llewelyn v. Oakland County Prosecutors Office, 402 F.Supp. 1379, 1393 (E.D. Mich 1975) (The Constitution is always of the highest Interest).

(Memorandum 5)

POINT II

The Plaintiff Should not be required to Post Security

Usually a litigant is required to post security however the Plaintiff is an indigent prisoner and is unable to post security.

This Court has the discretion to excuse an impoverished litigant from posting security. Diaztez-Hernandez v. Smith 541. F.Supp. 351, 385 N.30 (C.D. Cal. 1982); J.L. v. Parham, 412 F.Supp 112-140 (D. Ga. 1976, Rev on other Grounds 442. U.S. 584, 99 S.Ct. 2493 (1979) (In view of Serious Medical danger confronting the Plaintiff the Court should grant the relief requested.

WHEREFORE, the Plaintiff prays this Court grant his motion for Preliminary Injunction and Temporary Restraining Order.

_____          _____
Dated                            Jeffrey E. Simpson # 04-036
                                 F.M.C. Devens
                                 P.O. Box 880
                                 Ayer, MA 01432