United States District Court
District of Massachusetts

Jeffrey E. Simpson, ) Case No. CV-04-40216-RWZ
    Plaintiff )
 )
    Vs. ) Verified Complaint And Request
 ) For Jury Trial
United States of America, )
Federal Bureau of Prisons, )
Troy Williamson, Dr. )
Sarazin, Howard Haas, )
S. Thompson MD. )
INDIVIDUALLY )
    defendants )

## Jurisdiction

1. This Action Arises under the Federal Tort Claims Act, Section 2671 through 2680 of title 28 of the United States Code. This Court is vested with Jurisdiction Pursuant to Section 1331 of title 28 of the United States Code. [28 U.S.C. Sec. 1331].

## The Parties

2. The Plaintiff, Jeffrey E. Simpson is A Federal Prisoner Confined Within the Federal Bureau of Prisons At U.S.P. Allenwood.

3. The Federal Bureau of Prisons is an Agency and operation of the Defendant, United States of America.

4. Troy Williamson is the Warden At U.S.P. Allenwood.

5. Dr. Sarazin is A Psychiatrist employed by the Federal Bureau of Prisons.

(1)

6. Howard HAAS was a Phsychiatrist at Devens Federal Medical Center in Ayer Massachusetts.

7. S. Thompson was a Phsychiatrist at Devens Federal Medical Center in Ayer Massachusetts.

## General Allegations

8. The Plaintiff arrived at Federal Medical Center Devens, Ayer Massachusetts on September 23, 2004, along with his prescription medication 5 mg. of Clonazepam Daily, which was prescribed to the Plaintiff by by sound Mental Health Care Practitioners at the Maine State Prison, Warren Maine.

9. On September 23, 2004 Howard HAAS made an immediate and uninformed decision to discontinue the Plaintiff's Clonazepam medication.

10. Howard HAAS decision to discontinue the Plaintiff's Clonazepam medication was not based upon careful assessment of or review of prior medical or mental health records, nor did Howard HAAS possess the requisite professional facts on which to base such a decision.

11. The Defendants listed in paragraphs 2 through 7 above did not have possession of the requisite factual and credible knowledge on September 23, 2004, of the Plaintiff's Mental Health History on which to base an informed professional decision to discontinue the Plaintiff's Clonazepam medication.

12. On approximately October 8, 2004 through present and as a result of the defendants denial of Clonazepam medication the Plaintiff has and continues to experience panic attacks consisting of e.g., choking sensation, chest pain, extreme difficulty breathing, high blood pressure, rapid heart rate, fear of death, uncontrollable bowels, tremors, broken blood vessels and profuse sweating.

(2)

13. Federal Medical Center Devens, Nursing Staff recorded several instances where the Plaintiff was experiencing Panic Attacks as described in Paragraph 12 above and which dates include: November 12, 13, 15, 20, 21, and December 18, 2004.

14. Devens Nursing Staff's notes indicate many instances where the Plaintiff stated he was experiencing Panic Attacks, which dates include: October 8, 10, 14, 18, 19, 20, 21, 25, 26, 29 of 2004.

15. The Plaintiff submitted several letters to Devens Mental Health Care Practitioners explaining the he continued to suffer several Panic Attacks weekly and that Alternatives to Clonazepam medication where ineffective, such dates include: November 20, 21, 23, 26, 30 December 2, 6, 12, 13, 17 of 2004 and January 2 and 9 of 2005

16. On November 22, 2004 the Plaintiff was discharged from inpatient care while Devens Nursing Staff and the Plaintiff continued to report Panic Attacks and Anxiety.

17. On December 11, 2004 S. Thompson responded to Plaintiff's 12-6-04 Letter and complaint of ineffective medication by stating "records show you found Propranolol medication effective".

18. Devens Medical records document several instances (while the Plaintiff was using Propranolol), that the Plaintiff continued to experience and report Panic Attacks Prior to the Plaintiff's 12-6-04 Letter to S. Thompson as averred in Paragraph 17 above, which Dates include: November 12 13 20 21 and December 18, 2004.

19. The Plaintiff's Panic Attacks last approximately 5 through 10 minutes in duration, Devens Nursing Staff could not respond immediately to observe the Plaintiff's Panic Episodes or record his Vital Signs, (after Plaintiff's discharge from inpatient care).

(3)

20. S. Thompson was informed via the Plaintiff's 11-23-04 letter stating that nursing staff could not record vital signs or observe panic episodes (after discharge from inpatient care) because nurses could not respond quickly enough (during 5-10 minute duration of panic episode).

21. The 5 mg of Clonazepam daily completely controlled the Plaintiff's panic attacks and anxiety.

22. As medical reports will reflect the alternative medications that where prescribed by Howard Haas, S. Thompson and other medical doctors. Where ineffective in treating the Plaintiff's panic attacks and anxiety.

23. After discharge from inpatient care at Devens both Howard Haas and S. Thompson refused to provide the Plaintiff any meaningfull treatment for his panic disorder.

24. The Plaintiff was subsequently transferred to United States Penitentiary Allenwood where he was informed by Psychologists Mitchell and Trgovac that Benzodazapine medications such as Clonazepam are the most effective medication to treat panic disorders but the Bureau of Prisons does not allow them to be prescribed.

25. The Plaintiff explained to both Trgovac and Mitchell he was experiencing several panic attacks a week and that he could not deal with his job where he was required to stand amid 100-150 prisoners 4 hours a day and his panic attacks put him in danger of assault from other prisoners or dissmissal or segregation for missing work. Both Trgovac and Mitchell refused to help the Plaintiff to get a job change or similar reasonable relief.

(4)

26. The Plaintiff explained the same circumstances articulated in Paragraph 25 above to Dr. Sarazin M.D. during a Telemedicine conference in which Dr. Mitchell was present.

27. During the conference described in Paragraph 26 above the Plaintiff explained to Dr Sarazin he could not deal with large crowds of Prisoners especially where he was receiving "no" medication to control his Panic disorder and that he may be attacked by other Prisoners or miss his work assignment.

28. Dr. Sarazin responded to the Plaintiff's complaints as described in Paragraph 27 above stating "I don't know what you expect me to do for you, I will not Prescribe Clonazepam nor will I place you on Medical Idle".

## Count One Negligence

29. The Plaintiff repeats and incorporates the averments contained in Paragraphs 1 through 28 above and further says that:

30. The Defendants, through their Medical and Mental Health Care Practitioners where negligent by act or omission and deviated from a Professional Standard of Care in the treatment of the Plaintiff's Panic disorder.

31. As a result of the negligence the Plaintiff has suffered Physical Pain Severe Emotional Distress and other diverse injuries which continue to Present Date.

## Count Two Negligent Infliction of Emotional Distress

32. The Plaintiff repeats and incorporates by reference the averments contained in Paragraphs 1 through 31 above and further says that:

(5)

33. The Defendants, through their Medical and Mental Health Care Practitioners were careless and negligent as to the manner in which treated the Plaintiff's Panic Attacks and Anxiety.

34. As a result of the negligence the Plaintiff suffered Physical Pain, severe emotional distress and other diverse injuries which continue to present date.

### Count Three Intentional Infliction of Emotional Distress

35. The Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 34 above and further says that:

36. By their knowledge of danger of assault by other prisoners upon the Plaintiff and his fear of crowds and their knowledge of the Plaintiff's insistance that medications to control his Panic Attacks were ineffective and their refusal to offer and meaningfull solution or relief to the Plaintiff, these acts or omissions by the Defendants, through their Mental Health Care Practitioners and Prison officials were extreme, outrageous and beyond all possible bounds of decency.

37. As a result of the action or inaction of the defendants the Plaintiff has and continues to suffer Physical Pain, severe emotional distress, fear of assault and other divers injuries.

### Count Four Bivens Claim

38. The Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 37 above and further says that:

39. The acts and omissions of the Defendants, acting within the scope of their duties, deprived the Plaintiff of his rights to Medical Care, Mental health care and safety gauranteed by the Fourth and Eighth Amendments of the United States Constitution.

(6)

40. By reasons of the Defendants acts or omissions within the scope of their duties the Plaintiff has suffered physical pain, fear of assault, severe emotional distress and other diverse injuries which continue to present date.

WHEREFORE, Plaintiff Jeffrey E. Simpson prays this Court:

A. Order Judgement against Defendants for Compensatory and Punitive damages as the Court shall determine.

C. Order Declaratory, Injunctive or remedial relief.

D. Order such further relief this Court finds to be equitable and Just.

I, Jeffrey E. Simpson swear under Penalty of Perjury Pursuant to 28 U.S.C. Sec 1746 the forgoing statements are true based on my Knowledge and belief.

### Request For Jury Trial

The Plaintiff requests trial by Jury on all claims triable

June 8, 2005

Jeffrey E. Simpson
#04394-036
U.S.P. Allenwood
P.O. Box 3000
White Deer PA 17887

(7)

United States District Court
District of Massachusetts

Jeffrey E. Simpson )  Case No. CV-04-40216-RWZ
    Plaintiff )
Vs. ) Motion For Leave to File An
) Amended Complaint.
United States of America et Al., )
    defendants )

NOW COMES, Pro Se Plaintiff, Jeffrey E. Simpson and Moves this Court to Grant Leave to File the Attached Amended Complaint, It is Necessary to add **two** parties to the Complaint which now states a Claim for Monetary Damages where before this amendment had only sought Injunctive relief.

The Plaintiff was required to exhaust Administrative remedies and wait for an Answer to his Federal Tort Claim Notice Prior to bringing a Claim for Monetary Damages, this Amendment is neccessary to state a Cognizable Claim for Monetary relief.

WHEREFORE, the Plaintiff Prays the Court Grant Leave to File this Attached and Amended Complaint.

June 8, 2005

                                _Jeff E. S._
                                Jeffrey E. Simpson
                                #04394-036
                                U.S.P. Allenwood
                                P.O. Box 3000
                                White Deer, PA. 17887