United States District Court
District of Massachusetts

Jeffrey E. Simpson
    Plaintiff

Vs.

David L. Winn, Dr. Fletcher,
Howard Haas, S. Thompson M.D.,
Troy Williamson, Dr. Sarazin,
Federal Bureau of Prisons,
United States of America; Named
In their Individual and
Official Capacities
    Defendants

Civil Action Number,
04-40216-RWZ

__AMENDED__
Verified Complaint
and
Request for Jury Trial

## Jurisdiction

1. This action arises under the Federal Tort Claims Act, Section 2671 through 2680 of Title 28 of the United States Code. This Court is vested with jurisdiction pursuant to Section 1331 of Title 28 of the United States Code.

## Parties

2. The Plaintiff, Jeffrey E. Simpson is a Federal Prisoner, Confined within the Federal Bureau of Prisons At, U.S.P. Allenwood.

(1)

3. Defendant, DAVID L. WINN was the Warden at Federal Medical Center Devens, during the Plaintiff's confinement at said facility from September of 2004 through February of 2005, said facility is located in Ayer Massachusetts.

4. Defendant, Dr. Fletcher was the Mental Health Administrator at Federal Medical Center, Devens during a portion of the Plaintiff's confinement at said facility from September of 2004 through February 2005.

5. Defendant, S. Thompson MD., was the Mental Health Administrator at Federal Medical Center, Devens during a portion of the Plaintiff's confinement at said facility. From September 2004 through February 2005.

6. Defendant, Howard Haas was the Primary Psychiatrist whom was charged with a duty to provide the Plaintiff with Psychiatric care while the Plaintiff was confined at Federal Medical Center, Devens, during September 2004 through February 2005.

7. Defendant, Dr. Sarazin MD. is the Plaintiff's current Psychiatrist and it is Dr. Sarazin's duty to provide the Plaintiff with Psychiatric care and prescription medications during the Plaintiff's confinement at U.S.P. Allenwood.

8. Defendant Troy Williamson is the Warden at U.S.P. Allenwood.

9. The Federal Bureau of Prisons has its Principle office in Washington D.C., is an Agency and operation of the Defendant, United States of America.

(2)

## General Allegations

10. The Plaintiff was transferred into Federal Custody upon his arrival at Federal Medical Center, Devens on September 23, 2004 and also transported with the Plaintiff were his prescription medication consisting of five milligrams of Clonazepam daily dosages.

11. The five milligram daily dosages of Clonazepam were prescribed to control the Plaintiff's severe panic disorder by sound mental health care practitioners subsequent to approximately one year of psychiatric observation and assessment at the Maine State Prison in Warren, Maine and immediately prior the the Plaintiff's arrival at Federal Medical Center Devens.

12. Immediately upon the Plaintiff's arrival at Federal Medical Center, Devens, on September 23, 2004, Howard Haas MD., a psychiatrist at Devens, informed the Plaintiff he was going to discontinue the Plaintiff's Clonazepam medication.

13. On September 23, 2004, Howard Haas MD. lacked the requisite knowledge upon which to base a careful and informed professional decision to discontinue the Plaintiff's Clonazepam medication, such as e.g., medical of mental health records, psychological tests etc.

14. Dr. Fletcher and Dr. S. Thompson were informed on several occasions both oral and written complaints by the Plaintiff strongly objecting to Dr Howard Haas's discontinuation of the Plaintiff's medication. Both S. Thompson MD. and Dr Fletcher failed to intervene or properly supervise Dr. Howard Haas.

(3)

15. On approximately October 8, 2004 and continuing to this present date as a result of the discontinuation of the Plaintiff's Clonazepam Medication, the Plaintiff has suffered and continues to suffer several severe panic attacks weekly consisting of: choking sensation, chest pain, extreme difficulty breathing, high blood pressure, rapid heart rate, fear of death, uncontrollable bowels, tremors, broken blood vessels, profuse sweating.

16. Federal Medical Center, Devens, Nursing Staff recorded and documented several instances where the Plaintiff was suffering from panic attacks i.e. November 12, 13, 15, 20, 21 and December 18, 2004.

17. Devens Nursing Staff Notes indicate many instances where the Plaintiff stated he was experiencing panic attacks, i.e., October 8, 10, 14, 18, 19, 20, 21, 25, 26, 29, of 2004.

18. The Plaintiff wrote several letters addressed to David L. Winn, S. Thompson MD., Howard Haas MD., and Dr. Fletcher, as well as grievances complaining of ineffective alternatives to Clonazepam Medication, the Plaintiff explained he was experiencing severe panic attacks.

19. The Individuals/Defendants in paragraph 18 above, responded cumulatively to said letters and grievances stating Federal Bureau of Prisons Policy prohibited them from prescribing Clonazepam to the Plaintiff.

20. On November 22, 2004 the Plaintiff was discharged from Inpatient Care while Federal Medical Center Nursing Staff and the Plaintiff continued to report panic attacks and anxiety, The Plaintiff was placed subsequently in Administrative Segregation.

(4)

21. Defendants, Dr. Fletcher, S. Thompson MD., Howard Haas MD. and David L. Winn played an active role in the descision to remove the plaintiff from inpatient care and place him in administrative segregation on November 22, 2004.

22. The Plaintiff's panic attacks last approximately 5 through 10 minutes in duration.

23. After the plaintiff was removed from inpatient care and placed in administrative segregation as averred in paragraph 21 above, Devens nursing staff could not respond to the segregation unit or dispatch nurses expeditiously, (during 5-10 minute span of panic attack) which effectively prevented Devens nursing staff from witnessing panic attacks and recording vital signs during the 5-10 minute window of the panic attacks.

24. Defendants, Dr. Fletcher, S. Thompson, Howard Haas MD and David L. Winn by act or omission obstructed, denied restricted and denied the plaintiff of neccessary clonazepam medication to control the plaintiff's severe panic disorder.

25. The defendants listed in paragraph 21 above either negligently or intentionally failed to acknowledge Devens nursing staff notes which clearly indicated that alternative medications were ineffective in controlling the plaintiff's panic attacks.

26. Defendants Howard Haas MD., S. Thompson, Dr. Fletcher have failed to acknowledge nursing reports which indicate first that alternative medications for the plaintiff's panic disorder were ineffective; second that nursing staff had repeatedly documented severely abnormal vital signs; Third, the abnormal vital signs were a result of panic attacks.

(5)

27. After the Plaintiff had repeatedly submitted letters to Howard HAAS MD. explaining he was experiencing panic attacks and alerting Howard HAAS that Nursing notes and medical records would confirm the panic attacks, Howard HAAS responded as follows:

28 "The medical staff and I have followed you during your incarceration at FMC Devens and not observed any physical manifestations of panic attacks, i.e. (that is) accelerated heart rate, sweating, choking feeling, shortness of breath and chest pain. Your vital signs including pulse, respirations and blood pressure have been stable".

29. S. Thompson MD. was repeatedly informed by the Plaintiff that Propranolol medication was fully Ineffective, Responded as follows:

30. S. Thompson's December 11, 2004 Letter stated "records show you found Propranolol effective".

31. The Plaintiff further explained to S. Thompson, via an 11-23-04 letter explaining that Devens Nursing staff could not observe panic episodes or record vital signs subsequent to the Plaintiff's Removal from Inpatient care and placement in Administrative Segregation.

32. S. Thompson responded to the letter articulated in paragraph 31 above stating: "Review of your medical chart does not support your concerns about medical fitness. You are seen daily by a medical provider in the SHU."

(6)

33. The Plaintiff's medical records documented by Devens nursing staff confirm that Propranolol as well as all the other medications prescribed to the Plaintiff at FMC Devens as alternative medication to control the Plaintiff's panic attacks in place of Clonazepam, have proven to be wholly ineffective.

34. Defendants, S. Thompson, Howard Haas and Dr Fletcher completely ignored the Plaintiff's requests for new medication to control his panic disorder from approximately mid November of 2004 and through February of 2005 where they arranged for the Plaintiff to be transferred which in effect denyed the Plaintiff any relief for a span of close to 50 days.

35. The Plaintiff was transferred to U.S.P. Allenwood in White Deer Pennsylvania on February 9, 2005.

36. The Plaintiff spoke with Psychologists Trgovac and Mitchell shortly following his arrival at U.S.P. Allenwood, the Plaintiff explained that he suffered from several severe panic attacks weekly.

37. Both Psychologist Dr. Mitchell and Dr. Trgovac explained to the Plaintiff that Benzodiazepine medications such as Clonazepam were the most effective medications to treat panic attacks, however the Federal Bureau of Prisons did not allow these medications to be prescribed.

(7)

38. The Plaintiff explained to Dr. Mitchell, Dr. Trgovac and Defendant Dr. Sarazin MD., that he could not deal with large crowds of prisoners due to his severe panic attacks and anxiety during interviews at U.S.P. Allenwood.

39. The Plaintiff requested of Dr. Mitchell, Dr. Trgovac and Dr. Sarazin MD. that they should intervene and either change the Plaintiff's work assignment or place him on medical idle because his current work assignment was unbearable because he was forced to stand in close quarters with 100-150 prisoners for 4 hours a day 5 days a week and without any effective medication to control his panic disorder, and furthermore:

40. The Plaintiff explained to said individuals that he was in danger of assault by other prisoners whom would not tolerate or understand the Plaintiff's bizzar behavior during panic attacks and further more:

41. The Plaintiff explained to said individuals that his panic attacks and anxiety may cause him to miss his work assignment which would most certainly result in disciplinary action.

42. The interviews averred in paragraphs 38 through 41 were conducted at U.S.P. Allenwood via telemedicine where Dr. Sarazin MD's image was broadcast live from Springfield Federal Medical Center in Springfield Missouri

43. Dr. Sarazin MD., is responsible for providing psychiatric care to the Plaintiff via telemedicine and his authority includes the ability to lawfully prescribe Clonazepam to the Plaintiff.

(8)

44. Dr. Sarazin M.D. refused to place the Plaintiff on Medical Idle or to order his work assignment altered to a less stressfull enviroment, during Telemedicine Interviews.

45. Dr. Sarazin M.D. refused to prescribe Clonazepam or and effective medication to control the Plaintiffs Panic Attacks or Anxiety.

46. The Plaintiff has suffed from several severe Panic Attacks a week as articulated in Paragraph 15 supra which continue to this date and will without neccessary Clonazepam medication undoubtedly cause future pain and severe emotional distress.

47. Troy Williamson has failed to provide or ensure the safety, care and safe keeping of the Plaintiff compatable with his state of Mental Health and said defendant has made no provisions for procedures of emotionally handicapped prisoners wellbeing or safety at U.S.P. Allenwood.

48. Troy Williamson and Dr. Sarazin have placed the Plaintiff in constant danger of assault by other prisoners by allowing and forcing the Plaintiff to be placed in two and three man cells in his diminished emotional state.

## Count One Negligence

49. The Plaintiff repeats and incorperates by reference the averments contained in Paragraphs 1 through 48 and further says that:

(9)

50. The Defendants by act or omission deviated from a Professional Standard of Care in the treatment of the Plaintiff's Panic Attacks and Anxiety which constitutes negligence on their behalf, the defendants were further negligent by Placing the Plaintiff in an environment that a reasonable person of sound judgement would forsee the danger posed to the Plaintiff in his emotional state.

51. As a result of the negligence of the defendants through their officials and mental health care pratitioners, the Plaintiff has suffered pain, severe emotional distress, fear and other diverse injuries.

### Count two Negligent Infliction of Emotional Distress

52. The Plaintiff repeats and incorperates by reference the averments contained in paragraphs 1 through 51 above and further says that:

53. The Defendants, through their officials and mental health care practitioners were careless and negligent as to the manner in which they treated the Plaintiff's panic attacks and anxiety, the defendants were further negligent by Placing the Plaintiff in an environment that a reasonable person of sound judgement would forsee the danger posed to the Plaintiff in his emotional state.

54. As a result of the negligence the Plaintiff suffered pain, severe emotional distress, fear and other diverse injuries.

(10)

## Count Three Intentional Infliction of Emotional Distress

55. The Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 54 above and further says that:

56. The Defendants, through their officials and mental health care practitioners by act or omission, the conduct of the defendants placing the Plaintiff in danger of assault by other prisoners or discipline for missing a work assignment, double and triple cell arrangements, causing constant fear, denying necessary and effective Clonazepam medication; such conduct was extreme, outrageous and beyond all bounds of common decency.

57. As a result of the action of the defendants, the Plaintiff has at times been in a state of shock and terror fearing for his sanity and safety and has suffered pain and severe emotional distress and other diverse injuries.

## Count Four Bivens Claim

58. The Plaintiff repeats and incorporates by reference the averments contained in paragraphs 1 through 57 above and further says that:

59. The acts and omissions of the Defendants, acting within the scope of their duties, deprived the Plaintiff safety, security, wellbeing and medical and mental health care guaranteed by the Fourth, Fifth and Eighth Amendments of the United States Constitution.

(11)

60. By reasons of the defendants acts or omissions within the scope of thier duties. The plaintiff has suffered pain, fear, sever emotional distress and other diverse injuries which continue to present date.

WHEREFORE, Plaintiff Jeffrey E. Simpson prays this Court:

A. Order Judgement against the defendants joint and severally for $100,000.00 comensatory damages.

B. Order Judgement of punitive damages against each defendant at $100,000.00 a piece

C. Order equitable declaratory, injunctive and remedial relief as this court finds to be forthcoming and just.

D. Order such further relief this court finds to be equitable and just.

I, Jeffrey E Simpson swear pursuant to 28 U.S.C. Section 1746 and under penalty of perjury, the foregoing statements are true and based upon my knowledge and belief.

July 16, 2005

_____
Jeffrey E. Simpson
#04394-036
U.S.P. Allenwood
P.O. Box 3000
White Deer PA. 17887

(12)

United States District Court
District of Massachusetts

Jeffrey E. Simpson )   Case No.
    Plaintiff )   CV-04-40216-RWZ
)
vs. )   Certificate of Service
)
David L. Winn, et al. )
    Defendants )

I Jeffrey E. Simpson swear pursuant to 28 U.S.C. Section 1746, I mailed a copy of the Amended Complaint and copies pre-paid via the U.S Postal Service on July 18, 2005 to:

    Attorney General
    Department of Justice
    950 Pennsylvania Ave NW
    Washington DC 20530

July 18, 2005

                                              /s/ Jeffrey E. Simpson
                                              Jeffrey E. Simpson
                                              #04394-036
                                              U.S.P. Allenwood
                                              P.O. Box 3000
                                              White Deer PA. 17887

United States District Court
District of Massachusetts

Jeffrey E. Simpson )   Case No.
    Plaintiff )   CV-04-40216-RWZ
 )
vs. )   Certificate of Service
 )
David L. Winn, et Al. )
    Defendants )

I Jeffrey E. Simpson swear pursuant to 28 U.S.C. Section 1746, I mailed a copy of the Amended Complaint and copies pre-paid via the U.S Postal Service on July 18, 2005 to:

    Troy Williamson
    U.S.P. Allenwood
    P.O. Box 3000
    White Deer PA. 17887

July 18, 2005

    _____
    Jeffrey E. Simpson
    #04394-036
    U.S.P. Allenwood
    P.O. Box 3000
    White Deer PA. 17887

United States District Court
District of Massachusetts

Jeffrey E. Simpson,
    Plaintiff

vs.

David L. Winn, et al.,
    Defendants

Case No. CV-04-40216-RWZ

Certificate of Service

I Jeffrey E. Simpson swear pursuant to 28 U.S.C. Section 1746 I mailed a copies of the Amended Complaint and attachments to below named defendant via the U.S. Postal Service in a Pre-Paid Envelope on July 18, 2005

Federal Bureau of Prisons
320 First St. NW
Washington DC 20001

July 18, 2005

_____
Jeffrey E. Simpson
#04394-036
U.S.P. Allenwood
P.O. Box 3000
White Deer Pa 17887

United States District Court
District of Massachusetts

Jeffrey E. Simpson, ) Case No.
    Plaintiff ) CV-04-40216-RWZ
 )
Vs. ) Certificate of Service
 )
David L. Winn, et al. )
    Defendants )

I Jeffrey E. Simpson swear pursuant to 28 U.S.C. Section 1746 I mailed a copies of the Amended Complaint and attachments to below named defendant via the U.S. Postal Service in a Pre-Paid Envelope on July 18, 2005

    Dr. Sarazin MD.
    Springfield Federal Medical Center
    P.O. Box 4000
    Springfield Missouri 65808

July 18, 2005

    _____
    Jeffrey E. Simpson
    #04394-036
    U.S.P. Allenwood
    P.O. Box 3000
    White Deer Pa 17887

United States District Court
District of Massachusetts

Jeffrey E. Simpson ) Case No.
    Plaintiff ) CV-04-40216-RWZ
 )
vs. ) Certificate of Service
 )
David L. Winn, et Al. )
    Defendants )

I Jeffrey E. Simpson swear pursuant to 28 U.S.C. Section 1746 I mailed a copies of the Amended Complaint and Attatchments to below named defendant via the U.S. Postal Service in a Pre-Paid Envelope on July 18, 2005

    U.S. Attorneys Office
    1 Courthouse Way - Suite 9200
    Boston MA. 02210

July 18, 2005

_____
Jeffrey E. Simpson
#04394-036
U.S.P. Allenwood
P.O. Box 3000
White Deer Pa 17887