United States District Court
District of Massachusetts

Jeffrey E. Simpson
            Plaintiff

    V.

United States of America,
Howard Haas, Dr. Sarazin,
Director of the Federal
Bureau of Prisons; Sued in
their Individual and Official
Capacity.
            Defendants

| Case No. 4:04-CV-40216-RWZ

| Complaint and Request for Jury Trial

|        (Amended 11-14-05)

|
|
|
|
|
|

Jurisdiction

1. This action arises under 28 U.S.C. §§ 2671-2680; And under the treaties, laws and the Constitution of the United States; This Court is vested with Jurisdiction Pursuant to 28 U.S.C. § 1332 As the Plaintiff is a resident of the State of Pennsylvania; Defendant Howard Haas is a resident of the State of Massachusetts; Defendant Dr. Sarazin is a resident of the State of Missouri; Defendant, Director of the Federal Bureau of Prisons resides in the Area of Washington D.C. Where his Principle office is Located. The Matter in Controversy exeeds the Sum Specified in 28 U.S.C. § 1332; This Court is vested with Nationwide Jurisdiction over the Defendant, United States of America And Above listed Defendants In their official Capacity Pursuant to 28 U.S.C. § 1391.

2. On September 23, 2004 the Plaintiff, Jeffrey E. Simpson was transferred by the U.S. Marshall's Service to Federal Medical Center Devens in Ayer Massachusetts.

3. Upon arrival at Federal Medical Center Devens (F.M.C. Devens) Defendant, Howard Haas, a Psychiatrist Employed at F.M.C. Devens, willfully, recklessly and negligently, acting without requisite Mental Health records or History discontinued the Plaintiff's Prescription Medication of Clonazepam medication allotted 3 times daily for a combined total dosage of 5 Milligrams Per day.

4. Subsequently the Plaintiff was transferred to United States Penitentiary Allenwood in White Deer Pennsylvania (USP-Allenwood) on February 9, 2005 at which Point he was and Presently is under the Care of Dr. Sarazin, Psychiatrist; the Plaintiff complained to Dr. Sarazin on Multiple occasions that he has suffered several severe Panic Attacks each week since the discontinuation of his Clonazepam Medication; the Plaintiff also complained of his Inability to Perform his work assignment because his severe Panic disorder Prohibited him from functioning normally in Large crowds of Prisoners; Dr. Sarazin's response was "I don't know what You expect Me to do, I will not Prescribe Clonazepam nor will I Place You on a Medical Idle from Your work Assignment".

5. Defendant Director of the Federal Bureau of Prisons has instituted, drafted, endorsed, approved, administered, mandated and sought a blanket ban of Medications such as the Plaintiff's Clonazepam Medication, thus willfully, recklessly and negligently denying the Plaintiff necessary Medication to control his Severe Panic disorder.

## Count I Negligence

6. The Plaintiff repeats and incorporates by reference the Averments contained in Paragraphs 1 through 5 Above and further says that:

7. The Defendants through their Agents were Negligent and reckless in their denial of Clonazepam and their Bureau wide ban of this Necessary Medication.

8. As a result of the Negligence the Plaintiff has suffered from several Severe Panic Attacks a week which Continue to Present date; Said Panic Attacks have Manifested substantial and Severe Emotional distress as well as Physical Pain and Suffering which will certainly Continue absent remedial Relief.

## Count II Constitutional Claim

9. The Plaintiff repeats and incorporates by reference the Averments contained in Paragraphs 1 through 8 Above and further says that:

10. The Defendants while they were Acting within the Scope of their duties have deprived the Plaintiff of Safety, wellbeing, security and Mental Health Care Guaranteed by the Fifth and Eighth Amendments of the United States Constitution.

11. As a result of the Defendants deliberate indifference the Plaintiff has continually suffered from Severe Panic Episodes stemming from the denial and discontinuation of the Plaintiff's Clonazepam which has manifested in Severe emotional distress and substantial Pysical Pain and Suffering and other diverse injuries.

12. The Plaintiff has exhausted all available Administrative Remedies in relevance and concern of the denial of Clonazepam medication; the Plaintiff has also met all Notice of claim requirements of the Federal Tort Claims Act.

### Relief

The Plaintiff demands that the Court Adjudge:

A. That the defendants forthwith reinstate the Plaintiff's Prescription of Clonazepam medication allotted at 1.5 milligrams AM dosage; 1.5 milligram noontime dosage and 2 milligram PM evening dosage combined to make a total combined dosage of 5 milligrams a day as previously Prescribed.

B. Order the Defendants Joint and Severally to Pay the Plaintiff $100,000.00 Compensatory damages for undue mental and Pysical Suffering, loss of Quality and enjoyment of life and other diverse injuries inflicted upon the Plaintiff.

C. Order Such further relief this Court Finds to be equitable and Just.

## Verification of Complaint

I Jeffrey E. Simpson Swear Under Penalty of Perjury that the Forgoing is based upon my Personal Knowledge and is true and Correct.

Dated 11-15-05 _____    Respectfully Submitted. _____
Jeffrey E. Simpson
#04394-036
USP-Allenwood
P.O. Box 3000
White Deer Pa. 17887

5

ATT: Defendants as Federal Officials failure to Answer this complaint within the time Period Prescribed in Fed.R.Civ.P. Rule 12; A failure to Answer may result in a waiver of defenses and Acquiesence of Pleadings Averred herein see e.g. Almeda v. Secretary of Health Education and Welfare, 622 F.2d 1044, 1048 (1st Cir. 1980).